UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JASON LEOPOLD,<br><br>    PLAINTIFF<br>vs.<br><br>DEPARTMENT OF JUSTICE,<br><br>    DEFENDANT | Civil Action No. 1:13-cv-1324 |

# MOTION FOR SUMMARY JUDGMENT

Plaintiff Jason Leopold respectfully submits this motion for summary judgment seeking an expedition order.  A statement of facts, proposed order and memorandum of points and authorities accompany this motion.

                                            Respectfully Submitted,

                                             /s/ Jeffrey Light

                                            Jeffrey L. Light
                                            D.C. Bar #485360
                                            1712 Eye St., NW
                                            Suite 915
                                            Washington, DC 20006
                                            (202)277-6213
                                            Jeffrey.Light@yahoo.com

                                            *Counsel for Plaintiff*

Dated: September 2, 2013

1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JASON LEOPOLD,<br><br>    PLAINTIFF<br> vs.<br><br>DEPARTMENT OF JUSTICE,<br><br>    DEFENDANT | Civil Action No. 1:13-cv-1324 |

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

I. PROCEDURAL BACKGROUND

On August 16, 2013, Plaintiff sent a FOIA request to the DOJ via Certified Mail (#7013 1090 0000 8285 2392) seeking a copy of the Department of Justice's copy of the 300 page executive summary of the Senate Select Committee on Intelligence's (SSCI) report on the CIA's detention and interrogation program. (Pl. St. of Facts ¶¶ 1-2; Ex. 1.) Plaintiff's request sought expedited processing. (Pl. St. of Facts ¶ 1; Ex. 1.)

According to the records of the U.S. Postal Service, Plaintiff's FOIA request was received by the DOJ on August 20, 2013. (Pl. St. of Facts ¶ 3; Ex. 2.) After the statutory period had elapsed and Plaintiff was deemed to have exhausted his administrative remedies with respect to his claim for expedited processing, he filed the present suit on September 3, 2013. [ECF: 1.] As of the filing of this motion, Plaintiff has not received a response to his FOIA request with a determination as to whether the DOJ will grant him expedited processing. (Pl. St. of Facts ¶ 4.)

II.    FACTUAL BACKGROUND

The Senate Select Committee on Intelligence (SSCI) SSCI voted 9-6 to approve a report regarding the CIA'S Detention and Interrogation Program on December 13, 2012.[1] According to the Library of Congress[2] the report is described as follows:

> "On December 13, 2012, the Committee approved its report on the CIA's Detention and Interrogation Program, by a vote of 9 to 6. The Committee Study is a highly detailed report that exceeds 6,000 pages and includes approximately 35,000 footnotes. It is divided into three volumes:
>
> I. *History and Operation of the CIA's Detention and Interrogation Program.* This volume is divided chronologically into sections addressing the establishment, development, and evolution of the CIA detention and interrogation program.
>
> II. *Intelligence Acquired and CIA Representations on the Effectiveness of the CIA's Enhanced Interrogation Techniques.* This volume addresses the intelligence attributed to CIA detainees and the use of the CIA's enhanced interrogation techniques, specifically focusing on CIA representations on how the CIA detention and interrogation program was operated and managed, as well as the effectiveness of the interrogation program. It includes sections on CIA representations to the Congress, the Department of Justice, and the media.
>
> III. *Detention and Interrogation of Detainees.* This volume addresses the detention and interrogation of all known CIA detainees, from the program's inception to its official end, on January 22, 2009, to include information on their capture, detention, interrogation, and conditions of confinement. It also includes extensive information on the CIA's management, oversight, and day-to-day operation of the CIA's detention and interrogation program.
> **The Committee has provided copies of the Study to** the Central Intelligence Agency, the White House, the Department of State, **the Department of Justice**, and the Office of the Director of National Intelligence, with a request that the White House coordinate comments from all relevant Executive Branch agencies. Although the Committee had asked that these comments be provided by February 15, 2013, the Administration has requested an extension of time to provide feedback on the report.

---

[1] http://www.feinstein.senate.gov/public/index.cfm/press-releases?ID=46c0b685-a392-4400-a9a3-5e058d29e635

[2] http://thomas.loc.gov/cgi-bin/cpquery/?&sid=cp113Zqrb4&r_n=sr007.113&hd_count=50&item=6&&sel=TOC_52049&

> Vice Chairman Chambliss and Senators Burr, Risch, Coats, Blunt, and Rubio filed their minority views on February 15, 2013, in which they presented the basis for their disagreement with the report's conclusions, particularly regarding the effectiveness of the program and the CIA's representations to policymakers, and explained their reasons for opposing the final report. Once the Committee receives the Administration's feedback, it will consider the comments, discuss recommendations for reform, as well as discuss the public release of the Study, including the minority views." (emphasis added)

Since the Senate committee's vote, there have been numerous public statements by SSCI members and administration officials calling for the declassification of their report. Indeed, in a news report published in the *New York Times* July 19, 2013, Sen. Dianne Feinstein, chairwoman of the Senate Intelligence Committee, said she is planning a push to declassify the executive summary.[3] In the same *New York Times* report, White House spokeswoman Caitlin Hayden said, "[S]ome version of the findings of the report should be made public." In a statement issued after SSCI voted to approve the report, Sen. John McCain said he hopes the government "will take whatever steps necessary to finalize and declassify this report, so that all Americans can see the record for themselves, which I believe will finally close this painful chapter for our country." Vice President Joe Biden recently said he too supports the public release of the SSCI report.[4]

---

[3] http://www.nytimes.com/2013/07/20/us/politics/senate-and-cia-spar-over-secret-report-on-interrogation-program.html?pagewanted=all

[4] http://www.rollcall.com/news/biden_backs_public_disclosure_of_torture_report-224389-1.html

III.     ARGUMENT

A.  <u>Standard of adjudication</u>

i.      <u>Summary judgment</u>

Under Rule 56, "A party may move for summary judgment, identifying each claim or defense — or the part of each claim or defense — on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. Pro. Rule 56(a).

ii.     <u>Expedited processing</u>

Pursuant to 5 USC § 552(a)(6)(E)(i), agencies must "promulgate regulations . . . providing for expedited processing of requests for records – (I) in cases in which the person requesting the records demonstrates a compelling need; and (II) in other cases determined by the agency."  The Department of Justice has promulgated a regulation, in accordance with subsection (II), which provides for expedited processing, *inter alia*, when the request involves "[a] matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity which affect public confidence."  28 CFR § 16.5(d)(1)(iv).  *See Edmonds v. FBI*, Civil Action No. 1:02-cv-1294 (ESH), 2002 U.S. Dist. LEXIS 26578, at *8-*9 (D.D.C. Dec. 3, 2002)(recognizing that the Department of Justice promulgated 28 CFR § 16.5(d)(1)(iv) pursuant to its discretionary authority under subsection (II) and therefore this provision does not require a showing of "compelling need").  To be entitled to expedited processing under this provision, "plaintiff need not show prejudice or a matter of current exigency to the

5

American public[.]" *Id.* at *9. Further, a plaintiff is entitled to expedited processing even where a "defendant could justifiably argue that the Court's application of the relevant regulation will result in an even greater burden on its already strained resources and will disadvantage other FOIA requesters[.]" *Id.* at *12.

B. <u>Judicial review of a request for expedited processing</u>

"Under 5 U.S.C. § 552(a)(6)(E)(iii), failure of an agency to timely respond to a request for expedited processing is subject to judicial review." *Judicial Watch v. United States Naval Observatory*, 160 F. Supp. 2d 111, 112 (D.D.C. 2001). Timely review means review within ten calendar days of receipt by a component of a request. 28 CFR § 16.5(d)(4). The present suit was filed 13 calendar days after Plaintiff's request was received by the DOJ and therefore the agency's failure to respond to his request for expedited processing is reviewable by the Court.

Plaintiff complied with the requirement of 28 CFR § 16.5(d)(2) that requests for expedited processing "based on the category in paragraph (d)(1)(iv) of this section must be submitted to the Director of Public Affairs" by sending his request to that office. Plaintiff also complied with the administrative requirement contained in 28 CFR § 16.5(d)(3) that "[a] requester who seeks expedited processing must submit a statement, certified to be true and correct to the best of that person's knowledge and belief, explaining in detail the basis for requesting expedited processing." Plaintiff's request contained the appropriate certification and detailed the basis for his request for expedited processing. (Ex. 1.)

A motion for partial summary judgment on the issue of expedited processing is a proper vehicle for a plaintiff seeking to compel an agency to produce the requested records as soon as practicable. *Leadership Conf. on Civil Rights v. Gonzales*, 404 F. Supp. 2d 246, 259-60 (D.D.C. 2005); *Edmonds* at *7.

C. <u>Plaintiff's entitlement to expedited processing</u>

Plaintiff is entitled to expedited processing of his request because his request concerns "[a] matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity which affect public confidence." 28 CFR § 16.5(d)(1)(iv).

i. <u>Plaintiff's FOIA request concerns a matter of widespread and exceptional public interest.</u>

Plaintiff's FOIA request cites several news articles that "were published in a variety of publications, and repeatedly reference the ongoing national discussion about" the SSCI's report on the CIA's Detention and Interrogation Program. *ACLU v. United States DOJ*, 321 F. Supp. 2d 24, 32 (D.D.C. 2004). (Pl. St. of Facts ¶¶ 10-11; Ex. 1; Ex. 4.)  As noted in his request, articles on the SSCI report have appeared in *Daily Kos*,[5] *The Hill*,[6] *Time* magazine,[7] *The New Yorker*,[8] *Salon*,[9] *Huffington Post*,[10] *Mother Jones*,[11] and many

---

[5] http://www.dailykos.com/story/2012/12/14/1169744/-Reckoning-With-Torture-a-Sliver-of-Justice-SSCI-Report-El-Masri-Decision-Manning-Hearing#

[6] http://thehill.com/blogs/congress-blog/homeland-security/276285-senate-intelligence-report-on-interrogations-should-be-made-public

[7] http://swampland.time.com/2012/12/14/the-truth-about-torture/

other major publications.  Further, the subject matter of the report – the CIA's Detention and Interrogation Program – is itself a matter of widespread and exceptional media interest. Articles on this topic have appeared in virtually every major national media outlet of general interest, as well as countless local and specialized publications.  Some examples include *Rolling Stone*,[12] *ABC News*,[13] *The New Yorker*,[14] *Slate*,[15] PBS's *Frontline*,[16] and *The Christina Science Monitor*,[17] to name just a few. Thus, Plaintiff has

---

[8] http://www.newyorker.com/online/blogs/newsdesk/2013/03/obamas-transparency-test.html

[9] http://www.salon.com/2013/05/06/why_is_obama_withholding_secret_torture_report_from_americans/

[10] http://www.huffingtonpost.com/melina-milazzo-esq/cia-senate-torture-memos_b_3684533.html

[11] http://www.motherjones.com/mojo/2013...nemy-combatant?page=85

[12] http://www.rollingstone.com/politics/news/bagram-detainees-father-petitions-congress-let-my-son-go-20130814

[13] http://abcnews.go.com/Blotter/Investigation/story?id=1322866

[14] http://www.newyorker.com/arts/critics/books/2010/03/29/100329crbo_books_mayer

[15] http://www.slate.com/articles/health_and_science/human_nature/2013/01/the_case_for_torture_ex_cia_officials_explain_enhanced_interrogations.html

[16] http://www.pbs.org/wgbh/pages/frontline/iraq-war-on-terror/the-interrogator/john-rizzo-cias-enhanced-interrogation-necessary-and-effective/

[17] http://www.csmonitor.com/USA/Military/2012/0703/CIA-s-harsh-interrogation-techniques-three-key-memos-now-online/Special-review-by-the-CIA-Inspector-General-s-Office-May-7-2004

satisfied his burden of showing that the matter is of widespread and exceptional public interest.

Even if Plaintiff had cited only a handful of articles, however, this Court has explained that the Office of Public Affairs (OPA), as DOJ's "media specialists," *see* 63 Fed. Reg. 29591, 29592, "cannot simply turn a blind eye to the flurry of media attention (of which plaintiff['s] articles are a representative sample)" that the SSCI report has generated. *ACLU*, 321 F. Supp. 2d at 32. A Google search for "CIA senate report torture," for example, brings up 4.6 million hits on the search engine with many articles published as recently as late July 2013.[18]

    ii.    <u>There exist possible questions about the government's integrity which affect public confidence.</u>

A statement by Vice President Joe Biden illustrates how questions about the CIA's detention and interrogation program involve questions of integrity which affect public confidence. Speaking about the program, he said: "I think the only way you excise the demons is you acknowledge, you acknowledge exactly what happened straightforward."[19] He explained his position that issues related to torture must be laid out before a country can move beyond them, citing the war crimes committed in the Balkans and other acts of torture overseas. "The single best thing that ever happened to Germany were (sic) the

---

[18] https://www.google.com/search?q=cia+senate+report+torture&oq=cia+senate+report+torture&aqs=chrome.0.69i57j69i62l3j69i60l2.4448j0&sourceid=chrome&ie=UTF-8

[19] http://www.rollcall.com/news/biden_backs_public_disclosure_of_torture_report-224389-1.html


satisfied his burden of showing that the matter is of widespread and exceptional public interest.

Even if Plaintiff had cited only a handful of articles, however, this Court has explained that the Office of Public Affairs (OPA), as DOJ's "media specialists," *see* 63 Fed. Reg. 29591, 29592, "cannot simply turn a blind eye to the flurry of media attention (of which plaintiff['s] articles are a representative sample)" that the SSCI report has generated. *ACLU*, 321 F. Supp. 2d at 32. A Google search for "CIA senate report torture," for example, brings up 4.6 million hits on the search engine with many articles published as recently as late July 2013.[18]

    ii.    <u>There exist possible questions about the government's integrity which affect public confidence.</u>

A statement by Vice President Joe Biden illustrates how questions about the CIA's detention and interrogation program involve questions of integrity which affect public confidence. Speaking about the program, he said: "I think the only way you excise the demons is you acknowledge, you acknowledge exactly what happened straightforward."[19] He explained his position that issues related to torture must be laid out before a country can move beyond them, citing the war crimes committed in the Balkans and other acts of torture overseas. "The single best thing that ever happened to Germany were (sic) the

---

[18] https://www.google.com/search?q=cia+senate+report+torture&oq=cia+senate+report+torture&aqs=chrome.0.69i57j69i62l3j69i60l2.4448j0&sourceid=chrome&ie=UTF-8

[19] http://www.rollcall.com/news/biden_backs_public_disclosure_of_torture_report-224389-1.html

war crimes tribunals, because it forced Germany to come to its milk about what in fact has happened . . . That's why they've become the great democracy they've become." *Id.*

The issue of whether the CIA's interrogation and detention program resulted in valuable intelligence, or has merely undermined public confidence and resulted in false confessions continues to be a subject of fierce debate.

The ACLU launched a campaign asking the public to sign an online form urging the Senate to declassify their report in order to move forward:

"It is essential that we have all the facts if we are to ensure that our nation never takes the wrong path again. Ask the Senate Intelligence committee to release its report on CIA torture."[20]

Human Rights Watch executive director Kenneth Roth said after the report was approved by the Senate Intelligence Committee:

"The Senate report is of monumental importance given the many uninformed claims that torture was central to US intelligence successes," said Kenneth Roth, executive director of Human Rights Watch. "Only by making the facts public and understanding past mistakes can policymakers ensure that such illegal and destructive national security policies never happen again."[21]

The Center for Justice & Accountability also launched a campaign urging the public to send letters to Senators calling for the release of their report:

---

[20] https://www.aclu.org/secure/tell-senate-intelligence-committee-release-cia-torture-report

[21] http://www.hrw.org/news/2012/12/13/us-release-report-addresses-cia-torture

"A public release of the CIA torture report is a critical step toward accountability, and a much-needed check against similar abuses occurring now or in the future. Urge your Senators to support the release of the Senate report on CIA torture now."[22]

   iii. <u>Alternatively, expedited processing is also appropriate because of the existence of a compelling need to inform the public.</u>

Although expedited processing is clearly warranted under 28 C.F.R. 16.5(d)(1)(iv), it is alternatively proper under 28 C.F.R. 16.5(d)(1)(ii) which provides for expedited processing when there exists "[a]n urgency to inform the public about an actual or alleged federal government activity, if made by a person primarily engaged in disseminating information."

Plaintiff is a full-time member of the news media and as a contributor to Al Jazeera,[23] an Editor at Large for the online publication, The Public Record,[24] and a widely published independent investigative reporter who has had his journalism published in dozens of domestic and international publications, he is a person primarily engaged in disseminating information.

In addition to the reasons described in the articles in the previous section, there are two additional reasons why there is an urgent need to inform the public. First, three weeks ago, Sen. Mark Udall placed a hold on Stephen Preston, who was nominated by President Obama to be General Counsel at the Department of Defense. Preston is

---

[22] http://cja.org/section.php?id=529

[23] http://www.aljazeera.com/profile/jason-leopold-.html

[24] www.pubrecord.org

currently CIA's general counsel. Udall took this action because he wants Preston to answer questions about the Senate's report on the CIA's interrogation and detention program. Specifically, Udall wants answers as to whether the report should be declassified and released to the public.[25] The public urgently needs to be informed about the CIA's interrogation and detention program so that it can contact its representatives regarding the hold and eventual confirmation vote.

Additionally, the urgency of this request is underscored by the fact that military commissions are currently taking place at Guantanamo involving five 9/11 suspects, including Khalid Sheikh Mohammed ("KSM"), the alleged mastermind of the 9/11 attacks, and Abd al Rahim al Nashiri, the alleged mastermind of the USS Cole bombing. Nashiri and KSM were held in secret prisons operated by the CIA and were subjected to enhanced interrogation techniques described in the Senate's report. Any mention of their treatment while in custody of the CIA has been ruled to be off-limits by a military judge presiding over the tribunals, thereby depriving the public from knowing whether their admissions to alleged crimes were tainted by torture.[26] The release of the executive summary of the SSCI's report will help resolve that issue.

D. Relief Requested

Upon determining that Plaintiff's request is entitled to expedited processing, the agency is obligated to process the request "as soon as practicable." 5 U.S.C. §

---

[25] http://www.thedailybeast.com/articles/2013/08/05/senator-places-hold-on-top-defense-department-nominee.html

[26] http://www.csmonitor.com/USA/Justice/2012/1212/9-11-trial-Any-mention-of-torture-is-classified-military-judge-rules

552(a)(6)(E)(iii); 28 C.F.R. § 16.5(d)(4).  The statute and DOJ's implementing regulations do not define what is meant by "as soon as practicable," but "relevant case law establishes that courts have the authority to impose concrete deadlines on agencies that delay the processing of requests meriting expedition."  *Elec. Privacy Info. Ctr. v. DOJ*, 416 F. Supp. 2d 30, 38 (D.D.C. 2006).

If "as soon as practicable" meant more than 20 days, it would lead to the absurd result that expedited requests may be processed more slowly than standard FOIA request, for which the statute imposes a 20 day time limit.  *Id.* at 39.  Thus, the Court should order Defendant to complete processing of Plaintiff's request within 20 days of the date of the Court's order granting summary judgment and provide Plaintiff with a *Vaughn* index and/or declaration within 30 days of the date of the Court's order granting summary judgment.  *Id.* at 43.

IV.   CONCLUSION

For the foregoing reasons, the Court should grant this motion and order the defendant to expedite processing of Plaintiff's FOIA request regarding the SSCI's report on the CIA's Detention and Interrogation Program.

   /s/ Jeffrey Light

      Jeffrey L. Light
      D.C. Bar #485360
      1712 Eye St., NW
      Suite 915
      Washington, DC 20006
      (202)277-6213
      Jeffrey.Light@yahoo.com

      *Counsel for Plaintiff*