UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JASON LEOPOLD, <br><br>             PLAINTIFF <br>    vs. <br><br> DEPARTMENT OF JUSTICE, <br><br>             DEFENDANT | Civil Action No. 1:13-cv-1324 (JEB) |

## JOINT PROPOSED BRIEFING SCHEDULE

Pursuant to the Court's order of December 2, 2013, the parties have conferred and now submit this Joint Proposed Briefing Schedule. Because the parties have not been able to fully agree on how the case should proceed, each party's position is outlined below.

Plaintiff's Position

Plaintiff believes that the case should proceed in one phase, with a single round of briefing. The Court should order the defendant to set forth in its motion for summary judgment all of the reasons why the requested records should not be released in part or in whole, accompanied by a *Vaughn* index. Although the defendant contends that requested records are not agency "records" and therefore not covered by FOIA, the Court should direct the defendant to assert any exemptions that it believes would apply in the event that the Court finds that the requested records are covered by FOIA.

1

Plaintiff believes that proceeding in the two-phase manner proposed by the defendant would potentially entail a significant additional burden on the parties and the Court, as well as an unnecessary and lengthy delay in the proceedings. Defendant's proposal would require two rounds of briefing by the parties if Plaintiff succeeds on the first round, and therefore two decisions from the Court. Although the Federal Rules do not absolutely prohibit Defendant's proposed piecemeal approach to FOIA litigation, the better course of action is to require Defendant to set forth its case at one time, as would typically occur in any other litigation.[1] It is true that under Plaintiff's proposal there is the potential for an additional burden on Defendant in that if Defendant prevails on the first motion for summary judgment (and such a decision is affirmed on any appeal), it would obviate the need for the agency to review and process the requested records and brief any exemptions asserted. However, the additional burden here would be minimal (only about 300 pages of records are at issue) and, at any rate, is not different from the

---

[1] *See Allstate Finance Corp. v. Zimmerman*, 296 F.2d 797, 799 (5th Cir. 1961)("[W]e certainly do not approve in general the piecemeal consideration of successive motions for summary judgment, since defendants might well normally be held to the requirement that they present their strongest case for summary judgment when the matter is first raised"); *Essex Ins. Co. v. Foley*, 827 F. Supp. 2d 1326, 1329 n.2 (S.D. Ala. 2011)("Contrary to the parties' apparent assumption, no federal litigant has an absolute right to bring multiple, piecemeal motions for summary judgment"); *Sanders v. York*, 2008 U.S. Dist. LEXIS 35414 at *11 (E.D. Calif. Apr. 30, 2008)("The court will not allow defendants another 'bite at the apple' to file a second summary judgment motion addressing the merits of the remaining claims against defendants Rubio and York as it would waste court resources and delay resolution of this action"), *adopted by* 2008 U.S. Dist. LEXIS 64496 at *2 (E.D. Calif. July 28, 2008)("Defendants' request to file a second summary judgment motion, contained in their objections, is denied"); *McCabe v. Bailey*, 2008 U.S. Dist. LEXIS 118824 at *2 (N.D. Iowa April 7, 2008) ("This one-summary-judgment-motion-per-party provision of the Trial Management Order is designed to conserve scarce judicial resources, prevent repetitive motions and forestall potential abuse of Federal Rule of Civil Procedure 56").

additional burden imposed on a defendant in any case in which multiple, alternative defenses exist, any of which would be dispositive of the case.

Further, Defendant's approach could lead to a multiple-year delay despite a finding by the agency that Plaintiff's request is entitled to expedited processing. For example, if Defendant prevails on its first motion for summary judgment but Plaintiff achieves a reversal on appeal, the case would then proceed to a second round of summary judgment, a decision on which could be appealed by either side. The only way to ensure that the cost and delay associated with two appeals would be avoided is for the case to proceed with a single round of briefing.

Should the Court agree with Plaintiff's position that one round of briefing is appropriate, the parties should be given 10 days from the date of the Court's order to confer and submit a second Joint Proposed Briefing Schedule.

Should the Court disagree with Plaintiff's position and conclude that briefing should proceed in two rounds, Plaintiff proposes the following schedule for the first round:

| | |
|---|---|
| February 14, 2014 | Defendant's Motion for Summary Judgment |
| March 14, 2014 | Plaintiff's Opposition to Motion for Summary Judgment |
| March 21, 2014 | Amicus briefs in support of Plaintiff's Opposition |
| April 28, 2014 | Defendant's Reply |

Defendant's Position

Plaintiff seeks a single record in this case: a copy of the 300 page executive summary of the Senate Select Committee on Intelligence report on the Central Intelligence Agency's detention and interrogation program, obtained by the Department of Justice ("DOJ"). Plaintiff's FOIA request was denied because the record that Plaintiff seeks is a congressional record, not an agency record. FOIA does not cover

congressional documents or records. *See United We Stand America, Inc. v. I.R.S.*, 359 F.3d 595, 597 (D.C. Cir. 2004). The question of whether a document is an "agency record" is jurisdictional. *See Kissinger v. Reporters Committee for Freedom of the Press*, 445 U.S. 136, 150 (1980) (federal jurisdiction in a FOIA case is dependent upon a showing that an agency has (1) "improperly," (2) "withheld," (3) "agency records"). Thus, the threshold question – and the only one before the Court at this time – is whether DOJ's denial of Plaintiff's FOIA request because the document is a congressional record was proper.

Nonetheless, Plaintiff seeks a court order compelling DOJ to process this document as though FOIA applied, in order to avoid "piecemeal litigation." This request should be denied, for a number of reasons. First, as noted above, this Court lacks jurisdiction over Plaintiff's claims unless the document in question is determined to be an "agency record." *Kissinger*, 445 U.S. at 150. Prior to a Court determination that it even has jurisdiction over Plaintiff's claims, the Court should not order DOJ to process the document for exemptions and brief the merits of any withholdings. *See, e.g., Florida v. Thomas,* 532 U.S. 774, 777 (2001) (noting that jurisdiction necessarily decided before consideration of the merits).[2]

Second, ordering Defendant to process the record before a determination is made that FOIA applies would be tantamount to a decision by the Court – in a scheduling report, and without any briefing on the merits – that this document is an agency record.

---

[2] While Plaintiff cites to a number of cases purporting to frown on "piecemeal litigation," in none of them was the Court's jurisdiction at issue. Moreover, as Plaintiff acknowledges, there is no rule prohibiting the filing of successive summary judgment motions; for example, the court allowed subsequent motions in *Allstate Finance Corp.*, 296 F.2d at 799; and *Essex Ins. Co.*, 827 F. Supp. 2d at 1329 n. 2.

This would allow the Plaintiff an end run around the statute. Likewise, requiring the DOJ to process the document and brief the exemptions at this time could convert the document into an "agency record," and usurp the Court's ability to determine later that DOJ was correct in denying Plaintiff's FOIA request in the first place.

Third, even if Defendant were at liberty to do so, there would be a significant burden associated with processing the congressional document under FOIA and briefing the applicable exemptions. The agency would need to have a declarant justify each exemption, and preparing and swearing to a declaration is a significant investment of time. Perhaps more importantly, Defendant would have to process a record that has not yet been determined to be subject to FOIA – which would include conducting consultations outside the agency, reviewing the information, and assessing the exemptions. Despite Plaintiff's claim that his suggested course would present a "minimal" burden because the document is "only" 300 pages, the very subject matter of the document – a summary of the Senate Select Committee on Intelligence report on the Central Intelligence Agency's detention and interrogation program – makes it clear that the review process would be painstaking, would involve high-level review across the government, and would implicate significant national security concerns. All of this would be unnecessary, and inappropriate, for a record that is not subject to FOIA. Accordingly, Defendant's proposal is the proper way to proceed in this matter.

Defendant has no objection to the schedule that Plaintiff has proposed above for briefing, and respectfully submits that it should be entered in this case, except that Defendant intends to file a motion to dismiss and/or for summary judgment pursuant to that schedule.

Dated: December 16, 2013

Respectfully Submitted,

 /s/ Jeffrey Light
   Jeffrey L. Light
   D.C. Bar #485360
   1712 Eye St., NW
   Suite 915
   Washington, DC 20006
   (202)277-6213
   Jeffrey.Light@yahoo.com

*Counsel for Plaintiff*

     /s/ Vesper Mei
  Vesper Mei (D.C. Bar 455778)
  Trial Attorney
  U.S. Department of Justice
  Civil Division
  Federal Programs Branch
  20 Massachusetts Ave, NW
  Washington, D.C.  20530
  Telephone:  (202) 514-4686
  Fax:  (202) 616-8470
  E-mail: vesper.mei@usdoj.gov

*Counsel for Defendant*